**MEI FANG CAI, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

**No. 08–2115–ag.**

United States Court of Appeals, Second Circuit.

Sept. 16, 2009.

Yimin Chen, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Brendan P. Hogan, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Mei Fang Cai, a native and citizen of the People's Republic of China, seeks review of an April 4, 2008 order of the BIA, affirming the September 14, 2006 decision of Immigration Judge ("IJ") Javier Balasquide, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei Fang Cai*, No. A095 716 672 (B.I.A. Apr. 4, 2008), *aff'g* No. A095 716 672 (Immig. Ct. N.Y. City Sept. 14, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir.2008). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165–66 (2d Cir.2008). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

Substantial evidence supports the agency's adverse credibility determination. The agency reasonably relied on Cai's inconsistent statements under oath to U.S. immigration officials and the Immigration Court. *See id.; see also Ramsameachire v. Ashcroft*, 357 F.3d 169, 180–81 (2d Cir. 2004). Cai contests the reliability of the record of her statements during her airport and credible fear interviews, but she admitted making false statements at those interviews. Cai explains that her smuggler told her to make a false claim in order to remain in the United States, but such explanation simply demonstrates her willingness to lie in order to obtain immigration benefits. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005). The agency therefore reasonably denied Cai's application for asylum, withholding of removal, and CAT relief insofar as it was based on her claimed fear of harm by her father's creditors. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Accordingly, we need not consider Cai's additional arguments related to that claim for relief.

As to Cai's claim that she fears persecution and torture for having illegally departed China, "punishment for violation of a generally applicable criminal law is not persecution." *Saleh v. U.S. Dep't of Justice,* 962 F.2d 234, 239 (2d Cir.1992); *see also Matter of Sibrun,* 18 I. & N. Dec. 354, 359 (BIA 1983) (holding that possible criminal punishment for "illegal departure" "does not demonstrate a likelihood of persecution under the Act"). Moreover, the country conditions evidence in the record indicates that, at most, Cai would be fined and "detained long enough for relatives to arrange [her] travel home." U.S. Dep't of State, China: Profile of Asylum Claims and Country Conditions at 35 (2005).

■ The agency reasonably denied Cai's application for CAT relief based on her illegal departure from China. Without any particularized evidence, an applicant cannot demonstrate that he will more likely than not be tortured "based solely on the fact that [he] is part of the large class of persons who have left China illegally" and on generalized evidence indicating that torture occurs in Chinese prisons. *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005); *see also Pierre v. Gonzales,* 502 F.3d 109, 118–19 (2d Cir.2007) (holding that beyond evidence of inhumane prison conditions, a CAT claimant must provide some evidence that the authorities act with the specific intent to inflict severe physical or mental pain or suffering on those detained).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).